```
                        United States Bankruptcy Court
                              District of Oregon

In re:                                                    Case No. 11-37069-rld
Frank Arthur Roos                                         Chapter 13
Tracy Ann Allinson-Roos
        Debtors              CERTIFICATE OF NOTICE
District/off: 0979-3          User: julied              Page 1 of 2             Date Rcvd: Aug 16, 2011
                              Form ID: pdf016           Total Noticed: 38
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 18, 2011.
```
db/jdb      +Frank Arthur Roos,    Tracy Ann Allinson-Roos,    2560 SW Lenore Drive,    Beaverton, OR 97006-1614
99466130    +Alison Nibet,    522 SW Fifth Ave Suite 1210,    Portland, OR 97204-2137
99466132    +Asset Systems,    4520 SE Belmont #280,    Portland, OR 97215-1668
99466131    +Asset Systems,    4520 SE Belmont St., #280,    Portland, OR 97215-1668
99466134    +Bank of America,    c/o Brian T. Moynihan, CEO/President,    100 North Tryon Street,
              Charlotte, NC 28255-0001
99466133    +Bank of America,    PO Box 5170,    Simi Valley, CA 93062-5170
99466135    +Capital One,    POB 60599,    City of Industry, CA 91716-0599
99466136     Capital One,    POB 105131,    Atlanta, GA 30348-5131
99466137    +Center for Medical Imaging,    POB 25809,    Portland, OR 97298-0809
99466138   ++DELL FINANCIAL SERVICES,    P O BOX 81577,    AUSTIN TX 78708-1577
             (address filed with court: Dell,    PO Box 6403,    Carol Stream, IL 60197)
99466141    +HSBC,    PO Box 15521,    Wilmington, DE 19850-5521
99466140    +HSBC,    PO Box 80084,    Salinas, CA 93912-0084
99466139    +Hillsboro Ortho Spec.,    862 SE Oak St. B3,    Hillsboro, OR 97123-4240
99466142   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
              PHILADELPHIA PA 19101-7346
             (address filed with court: IRS,    POB 21126,    Philadelphia, PA 19114)
99466143     IRS-Insolvency Unit,    POB 7346,    Philadelphia, PA 19101-7346
99466144    +Les Schwab Tire Center,    c/o John Britton, President,    POB 5350,    Bend, OR 97708-5350
99466145    +Les Schwab Tire Centers,    c/o Corey J. Parks, RA,    POB 5350,    Bend, OR 97708-5350
99466146     Les Schwab Tires,    PO Box 5350,    Bend, OR 97708-5350
99466147    +Macys,    PO Box 689195,    Des Moines, IA 50368-9195
99466148     Meridian Emergency Physicians,    PO Box 2505,    Salem, OR 97308
99466149    +Meridian Park Hospital,    PO Box 4037,    Portland, OR 97208-4037
99466150    +Multnomah County Itax,    Attn: Myndi Fertile,    PO Box 279,    Portland, OR 97207-0279
99466151     Northwest Acute Care Spec.,    PO Box 11810,    Westminster, CA 92685-1810
99466153    +Oregon Anesthesiology Group,    PO Box 2040,    Portland, OR 97208-2040
99466156    +Providence,    PO Box 3158,    Portland, OR 97208-3158
99466155    +Providence,    PO Box 3299,    Portland, OR 97208-3299
99466154     Providence,    PO Box 5936A,    Portland, OR 97228
99466157    +Recontrust Company,    TS No. 11-0043390,    1800 Tapo Canyon Rd., CA6-914-01-94,
              Simi Valley, CA 93063-6712
99466159    +Rivermark Community CU,    c/o Scott Burgess, President,    4875 SW Griffith Drive,
              Beaverton, OR 97005-8723
99466158    +Rivermark Community CU,    POB 4044,    Beaverton, OR 97076-4044
99466160    +Shell,    Processing Center,    Des Moines, IA 50359-0001
99466161    +TRG,    PO Box 25180,    Portland, OR 97298-0180
99466162    +Tualatin Imaging,    6464 SW Borland Road, #A-4,    Tualatin, OR 97062-9749
99466163    +Washington County Circuit Ct,    No. C11-3396CV,    145 NE 2nd Ave.,    Hillsboro, OR 97124-3071
99466165    +Wells Fargo Bank,    c/o John Stumpf, President & CEO,    420 Montgomery St.,
              San Francisco, CA 94104-1298
99466164    +Wells Fargo Bank,    PO Box 4233,    Portland, OR 97208-4233
99466166    +Westside Foot & Ankle Spec.,    9900 SW Hall Blvd Suite 100,    Portland, OR 97223-5838
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
99466152    +E-mail/Text: bankruptcy.revenue@dor.state.or.us Aug 17 2011 02:07:09      ODR-Bankruptcy,
              c/o Bankruptcy Unit,    955 Center Street, NE Room 353,    Salem, OR 97301-2553
                                                                                              TOTAL: 1
```

```
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

```
District/off: 0979-3           User: julied              Page 2 of 2              Date Rcvd: Aug 16, 2011
                               Form ID: pdf016          Total Noticed: 38
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 18, 2011**          **Signature:** _Joseph Speetjens_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                              )
**Frank Arthur Roos**                              ) Case No. _____
**Tracy Ann Allinson-Roos**                        )    (NOTE: If blank, Case No. will be
                                                   )     on the Meeting of Creditors Notice)
                                                   )
                                                   ) **CHAPTER 13 PLAN DATED    08/11/11**
Debtor(s)                                          ) ☒ **MOTION TO VALUE COLLATERAL**
                                                   ) ☒ **MOTION TO AVOID LIENS**
                                                   ) ☐ **SECURED CLAIM AMOUNT LIMITED WITH CREDITOR CONSENT**
                                                   ) [*MARK* above *IF* applicable]

1. The debtor shall pay to the trustee (a) a periodic payment of $**1448 x 45; $1868 x 9; $2236 thereafter**_____ every_____**month**_____(insert either month or quarter); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) received during: ☐ The life of the plan, or ☐ 36 or ☒ 60 months from the date the first plan payment is due *(Check the applicable provision; if neither is checked, "for the life of the plan" applies)*; (d) a lump sum payment of $_____**NA**_____ on or before _____(date); and (e) **None**_____.
Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall apply all funds received pursuant to pt. 1 as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata.

   (1) If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority position of the claim, and, if not, under the provisions of pt. 2(f) only. HOWEVER, THE CLAIMS OF CREDITORS SECURED BY PURCHASE MONEY SECURITY INTERESTS IN (i) A MOTOR VEHICLE ACQUIRED FOR PERSONAL USE BY THE DEBTOR(S) WITHIN 910 DAYS PRECEDING THE FILING DATE OF THE PETITION, OR (ii) ANY OTHER PERSONAL PROPERTY COLLATERAL ACQUIRED WITHIN ONE (1) YEAR PRECEDING THE FILING DATE OF THE PETITION SHALL BE TREATED AS FULLY SECURED except as provided in pt. (b)(2) below, if applicable. The following also apply:

   From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW. THE ARREARAGES SHOWN IN A TIMELY FILED AND ALLOWED SECURED CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Equal Monthly Payments |
|---|---|---|---|---|---|---|
| **Bank of America** | **homestead** | **$25,000** | **NA** | **NA** | **0%** | **AAFA Attiorney Fees** |
| **Les Schwab Tires** | **tires** | **NA** | **$200** | **NA** | **5%** | **$25** |
| **Rivermark Community CU** | **2007 Chevy Silverado** | **NA** | **$28,135** | **NA** | **6%** | **$610** |
| **Rivermark Community CU** | **2005 Acura RL** | **NA** | **$17,450** | **NA** | **5.49%** | **$371** |

**AAFA=All available funds after....**

If the collateral is not to be sold, and the provisions in capital letters above governing claims of creditors with purchase money security interests in personal property do not apply, the value of the collateral, where the debtor is not paying the debt in full, shall be fixed in the amount stated above for purposes of administration of this plan as

1300.05 (10/17/05)  **Page 1 of 4**        [**NOTE**: Printed text m<u>ay</u> **NOT** be stricken!]

well as for purposes of determining the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  If the collateral is to be sold, the value shall be the sales price.  The debtor MOVES the court for an order so fixing the value of the collateral.  Otherwise, the creditor's proof of claim shall control.

(2) **DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW AGREE TO THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.**

From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below.  ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Payment Provisions |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above unless creditor objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  The debtor MOVES the court for an order so fixing the value of the collateral.  If the collateral is to be sold, the value shall be the sales price.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation.  If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors.  Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim.  Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Fees:  Original attorney fees are $**3250**_____; of which $**2750**_____remains unpaid.  Said fees are to be paid either:   ☐ From all available funds after pt. 2(b) payments are made; or  ☒ Other -
**All attorney fees, including supplemental compensation, shall be paid from all available funds after any fixed monthly payments in 2(b) are made.**

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state creditor NAME followed by DESCRIPTION of collateral to be surrendered):
**Rivermark Community CU (2008 Weekend Warrior); HSBC (2009 Polaris Razor)**

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations.
(d) Fourth, allowed administrative expenses under §507(a)(2).
(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims, unless otherwise ordered.
(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1).  These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].  The terms of pt. 8 shall also apply.
    ☒ (1) The creditors will receive approximately ____**2**____% of their claims.  Payment of any dividend will depend upon secured claims at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.
    ☐ (2) The creditors will receive a minimum _____% of their claims.  This percentage will not be reduced despite the amount of total creditors' claims filed.

Case 11-37069-elp13   Doc 11   Filed 08/18/11

(g) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $**4635**_____, and not less than that amount shall be distributed to unsecured creditors.

(h) [Not Applicable if NA is inserted in the blank] Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of ____**0**____% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

   Creditor                          Amount of Default [State if None]       Cure Provisions
   **None**

   Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in an additional pt. at the end of this plan:

   **Bank of America (mortgage)**

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor:

   **Wells Fargo Bank**

   (b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

   **None**

   Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in pt. 2(f).

7. Except as otherwise provided herein, postpetition interest on all unsecured claims is disallowed. Interest continues to accrue on debts that are excepted from discharge.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The approximate length of the plan is __**60**__ months; cause to extend longer than 36 months is as follows:

   **Applicable Commitment Period**

   Except as otherwise explicitly provided by pt. __**N/A**__, Debtor(s) shall make plan payments for 36 months, unless the debtor(s) pays 100% of all allowed claims with appropriate interest, except the plan payments shall continue for more than 36 months to the extent (1) the plan proposes a longer period, not to exceed 60 months, as necessary to complete required payments to creditors, or (2) §1322(d)/1325(b) requires plan payments for a longer period.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

10. Debtor(s) certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

11. Debtor(s) further certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law.

**12. Notwithstanding the provisions of Paragraph 1(c) of this Plan, Debtor(s) shall not be required to pay any Earned Income Credit funds to the Trustee during the life of the Plan.**

| | |
|---|---|
| _____**/s/ Frank Arthur Roos**_____ | _____**/s/ Tracy Ann Allinson-Roos**_____ |
| DEBTOR | DEBTOR |

**IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN pts. 2(b)(1), 2(b)(2) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON \_\_\_\_\_08/16/11\_\_\_\_\_, COPIES OF THIS PLAN ON any insured depository institution(s) affected by pts. 2(b)(1), 2(b)(2), or 6 of the Plan [FRBP 7004(h)]; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE: With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):**

**Bank of America, PO Box 5170, Simi Valley, CA 93062**
**Bank of America, c/o Brian T. Moynihan, CEO/President, 100 North Tryon Street, Charlotte, NC 28255/CERTIFIED**

**Les Schwab Tires, PO Box 5350, Bend, OR 97708-5350**
**Les Schwab Tire Centers, c/o Corey J Parks, RA, PO Box 5350, Bend, OR 97708**
**Les Schwab Tire Center, c/o John Britton, President, PO Box 5350, Bend, OR 97708**

**Rivermark Community CU, PO Box 4044, Beaverton, OR 97076**
**Rivermark Community CU, c/o Scott Burgess, President, 4875 SW Griffith Drive, Beaverton, OR 97005/ CERTIFIED**

**Wells Fargo Bank, PO Box 4233, Portland, OR 97208**
**Wells Fargo Bank, c/o John Stumpf, President & CEO, 420 Montgmery St., San Francisco, CA 94104/CERTIFIED**

_____**/s/ Todd Trierweiler**_____
DEBTOR OR DEBTOR'S ATTORNEY